IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-CV-22799-KING

LENBRO HOLDING, INC.,

    Plaintiff,

v.

SIMON FALIC,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT

**THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss Complaint (DE #5), filed August 29, 2011. Therein, Defendant Simon Falic seeks a dismissal of Plaintiff Lenbro Holding, Inc's breach of contract Complaint (DE #1) for failure to state a claim upon which relief may granted under Rule 12(b)(6). Specifically, Defendant argues that the Complaint fails to plead how the purported guaranty contract satisfies the statute of frauds. Defendant further argues that the breach of contract claim, as pled in the Complaint, is barred by the applicable statute of limitations. The Court is fully briefed on the matter and proceeds with the benefit of oral argument.[1] Upon careful consideration of the record, the pleadings, and the oral argument, the Court finds it must dismiss the Complaint (DE #1),

---

[1] The Plaintiff filed a Memorandum of Law in Opposition to Defendant's Motion to Dismiss (DE #8) on September 13, 2011. The Defendant filed a Reply (DE #9) on September 23, 2011. The Court held a hearing on the Motion on October 3, 2011.

with leave to amend.

A complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (characterizing allegations of parallel conduct in support of a claim for price fixing as falling short of plausible). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). When evaluating a complaint on a motion to dismiss, the Court must take all of the well-pled factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As a corollary, conclusory allegations, without supporting facts, are not entitled to this presumption of truth. *Iqbal*, 129 S. Ct. at 1951. If the Court identifies conclusory allegations that are not entitled to the presumption of truth, it must then consider whether the remaining allegations "plausibly suggest an entitlement to relief." *Id.* The Court must dismiss a complaint that does not present a plausible claim entitled to relief.

Upon evaluation of the Complaint in the above-styled action, the Court identifies at least two major factual deficiencies with the breach of contract claim as it is currently pled. The first is that the Complaint fails to plead how the purported guaranty contract satisfies the statute of frauds. The contract, as translated by the Plaintiff, lacks certain material terms, including any indication of consideration. The Court holds that given the unambiguous language of the purported guaranty contract, the statute of frauds bars any parol evidence on issues including, but not limited to, the intent of the relevant parties and the existence of

consideration independent of the consulting contracts. *See Johnson Enter. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1310 (11th Cir. 1998) ("Extrinsic evidence is inadmissible if the ambiguity is patent, because such evidence would, in effect, allow the court to rewrite the contract for the parties by supplying information the parties themselves did not choose to include.") (quoting *Crown Mgmt. Corp. v. Goodman*, 452 So.2d 49, 52 (Fla. Dist. Ct. App. 1984)) (citations omitted). Plaintiff argues that no independent consideration is necessary because the guaranty contract was executed "in connection" with two consulting agreements, to which the Defendant is not a party. (DE #8, at 8–9; *see also* Compl., DE #1, ¶9). The Court finds that there are insufficient factual allegations in the Complaint to raise to a plausible level Plaintiff's characterization of the execution of the guaranty contract as one "in connection" with the consulting contracts to alleviate the necessity of independent consideration. *See, e.g., Gordon v. Corporate Ins. Serv., Inc.*, 374 So.2d 603, 604 (Fla. Dist. Ct. App. 1979) (holding that the consideration for the principal debt extends to the guaranty where the evidence indicates that the agreements were entered into contemporaneously).

Additionally, the Court finds that there are insufficient factual allegations to refute the Defendant's argument that the statute of limitations bars the claim. Both Parties agree that a five-year statute of limitations applies. (DE #5, at 3; DE #8, at 4). Plaintiff argues that this time limit was tolled by a partial payment made by a non-party to the Plaintiff. (DE #8, at 5). In support of this argument, Plaintiff sets forth a bare assertion that this non-party was an

agent of the Defendant. (Compl., DE #1, at ¶15). The Complaint alleges no facts to support the Plaintiff's conclusory allegation that the non-party was an agent of the Defendant. Therefore, the Court finds that the Complaint fails to plead sufficient facts to raise the existence of an agency relationship to a plausible level. The Court also finds that there are insufficient factual allegations concerning the circumstances of the alleged partial payment to toll the five-year statute of limitations.

Accordingly, upon a careful review of the record and for the foregoing reasons, it is hereby **ORDERED, ADJUDGED, and DECREED** that Defendant's Motion to Dismiss (DE #5) be, and the same is hereby, **GRANTED**. The Complaint (DE #1) is **DISMISSED without prejudice**, with leave to amend within **30 days** from the date of this Order.

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 4th day of October, 2011.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:
*Counsel for Plaintiff*
**William Bard Brockman**
Bryan Cave, LLP
One Atlantic Center
1201 West Peachtree Street, NW
14th Floor
Atlanta, GA 30309
404-572-6600
Fax: 572-6999
Email: bard.brockman@bryancave.com

*Counsel for Defendant*
**Gabriel Groisman**
Coffey Burlington Wright Crockett et al
2699 S Bayshore Drive
Penthouse A
Miami, FL 33133
305-858-2900
Fax: 305-858-5261
Email: ggroisman@coffeyburlington.com

**Paul Joseph Schwiep**
Coffey Burlington
2699 S Bayshore Drive
Penthouse A
Miami, FL 33133
305-858-2900
Fax: 305-858-5261
Email: pschwiep@coffeyburlington.com