IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| LENBRO HOLDING INC, <br><br> Plaintiff, <br><br> v. <br><br> SIMON FALIC, <br><br> Defendant. | CIVIL ACTION FILE <br> NO.: 1:11-CV-22799-KING |

## AMENDED COMPLAINT

NOW COMES Plaintiff Lenbro Holding Inc. and files this Amended Complaint against Defendant Simon Falic, showing the Court as follows:

### Parties, Jurisdiction, and Venue

1.

Plaintiff Lenbro Holding Inc. ("Lenbro" or "Plaintiff") is a foreign corporation, incorporated in the British Virgin Islands with its principal office located at Akara Building, 24 De Castro Street, Wickhams Cay 1, Road Town, Tortola, British Virgin Islands.

2.

Defendant Simon Falic ("Defendant" or "Mr. Falic") is a citizen of Florida and a resident of Dade County. Mr. Falic may be served by process by delivery of a copy of the Summons and Complaint to his home address at 61 Camden Court, Bal Harbour, Florida, 33154-1324.

3.

This Court has jurisdiction pursuant to 28 U.S.C.A. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interests and costs, and diversity of citizenship exists.

4.

Venue is appropriate in this judicial district under 28 U.S.C.A. § 1391(a).

**Factual Allegations**

The Consulting Agreements and the Personal Guarantee

5.

In September 2005, Plaintiff Lenbro contemplated entering into two Consulting Agreements (the "Consulting Agreements") with Urban Decay Cosmetics, LLC ("Urban Decay") and Christian Lacroix SNC ("Lacroix"), two corporations owned by Mr. Falic and his two brothers, Leon Falic and Jerome Falic. Under the terms of the proposed Consulting Agreements, Urban Decay and Lacroix would each pay Lenbro a consulting fee of $4 million over several quarterly installments.

6.

After the proposed Consulting Agreements had been drafted, but before they were executed, Lenbro insisted that Simon Falic personally guarantee to pay the consulting fees provided for in those agreements and made clear that it would not enter into the Consulting Agreements without such a personal guarantee from Mr. Falic.

7.

In direct response to Lenbro's demand, and in connection with the pending execution of the Consulting Agreements, Simon Falic signed a personal guarantee on or about September 22,

2005, in which he assumed personal liability for the payment of the consulting fees to Lenbro under the terms of the two Consulting Agreements (the "Personal Guarantee"). By way of the Personal Guarantee, Simon Falic also assumed personal liability for the $2,000,000 owed to Lenbro as partial payment for its ten percent (10%) ownership of shares in Duty Free Americas ("DFA"), another company owned by Mr. Falic and his two brothers Leon and Jerome Falic. A true and correct copy of the Personal Guarantee is attached hereto as Exhibit A.

8.

The Personal Guarantee, which is handwritten in Hebrew and signed by Mr. Falic, states as follows:

> I, the undersigned, am personally liable for the aforementioned:
>
> 1. Payment of $2M for shares (10% in DFA) by the end of 2005;
>
> 2. Consultancy fee in the amount of $4M to be paid in 4 years by Urban Decay Cosmetics;
>
> 3. Consultancy fee in the amount of $4M to be paid in 4 years by Christian Lacroix SNC.

A certified translation of the Personal Guarantee is attached hereto as Exhibit B.

9.

Since Simon Falic's execution of the Personal Guarantee satisfied Lenbro's prerequisite to entering into the Consulting Agreements, following the execution of the Personal Guarantee, Lenbro, Lacroix and Urban Decay executed the Consulting Agreements days later, on or about September 30, 2005.

10.

Under the terms of the first Consulting Agreement, Urban Decay, a limited liability company organized under the laws of the State of Delaware, agreed to pay Lenbro a consulting fee of $4,000,000.00 payable in sixteen (16) equal quarterly installments of US $250,000.00 each, on the last business day of each calendar quarter, commencing March 31, 2006. A true and correct copy of this Consulting Agreement is attached hereto as Exhibit C.

11.

Under the terms of the second Consulting Agreement, Lacroix, a company organized and incorporated under the laws of France, agreed to pay Lenbro a consulting fee of $4,000,000.00 payable in sixteen (16) equal quarterly installments of US $250,000.00 each, on the last business day of each calendar quarter, commencing March 31, 2006. A true and correct copy of this Consulting Agreement is attached hereto as Exhibit D.

12.

Both Consulting Agreements were signed by Leon Falic on behalf of Urban Decay and Lacroix, respectively, and they contain Florida choice of law provisions.

13.

The Personal Guarantee not only was a necessary precursor to the signing of the Consulting Agreements, but it explicitly references (i) the $4,000,000 payments due and owing under each Consulting Agreement; (ii) the parties responsible for making the payments under each Agreement, *i.e.*, Urban Decay and Lacroix; and (iii) the four-year term of each Consulting Agreement.

14.

In accordance with the Personal Guarantee, Lenbro was paid the $2,000,000 as partial payment for its ten percent (10%) ownership of shares in DFA.

15.

No payments were made by Urban Decay or Lacroix on either of the two Consulting Agreements.

Partial Payment on the Personal Guarantee

16.

In approximately March 2009, Simon Falic and his brothers, acting through their family corporation The Falic Group, sold Urban Decay to an entity affiliated with Castanea Partners.

17.

Roughly two months later, in May 2009, Lacroix filed for bankruptcy protection in France.

18.

Despite the fact that Simon Falic and his brothers had divested themselves and their family corporation of any ownership interest in Urban Decay, and despite the fact that Lacroix was in bankruptcy, Simon Falic reaffirmed, both verbally and in writing, the outstanding $8 million balance due Lenbro under the Personal Guarantee.

19.

In February 2010, Simon Falic directed his brother Leon Falic to use corporate funds of Ueta, Inc., another company owned and controlled by the Falic brothers, to pay Lenbro the sum of Twenty-Five Thousand Dollars ($25,000.00) as a partial payment on the Personal Guarantee.

On February 26, 2010, Leon Falic, pursuant to that direction, wire transferred $25,000.00 from Ueta, Inc. to Lenbro.

20.

The wire transfer of $25,000.00 was not made on behalf of Urban Decay, as that company had already been sold by the Falic brothers. Nor was the $25,000 payment made on behalf of Lacroix, as that company was in bankruptcy. The wire transfer of $25,000 was made for the sole purpose of making a partial payment on the Personal Guarantee.

21.

To date, no additional payments on the Personal Guarantee have been made.

## **COUNT I – BREACH OF CONTRACT**

22.

Plaintiff adopts and incorporates by reference those allegations contained in paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23.

The Personal Guarantee is a valid and enforceable contract. By the Personal Guaranty, Simon Falic agreed to unconditionally guaranty the payments due Plaintiff pursuant to the two Consulting Agreements.

24.

Neither Urban Decay nor Lacroix paid Plaintiff any of the amounts due under the two Consulting Agreements, triggering Plaintiff's rights to receive payment from Simon Falic under the Personal Guaranty.

25.

To date, Simon Falic has failed to perform under the Personal Guaranty in that he has not made payment of the full amounts owed to Plaintiff pursuant to the two Consulting Agreements.

26.

The failure by Mr. Falic to pay the $7,775,000.00 outstanding under the two Consulting Agreements is a material breach of the Personal Guarantee.

27.

Lenbro has suffered damages by Mr. Falic's material breach of the Personal Guarantee by the loss of the contractually agreed payment of $7,775,000.00 to which it is lawfully entitled.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor as follows:

1) Awarding Lenbro compensatory damages of not less than $7,775,000.00;

2) Awarding Lenbro pre-judgment interest at the maximum legal rate; and

3) Ordering such further and other relief as the Court deems to be proper and just.

Respectfully submitted this 3rd day of November, 2011.

  /s/ W. Bard Brockman
W. Bard Brockman
Florida Bar No. 0868817

BRYAN CAVE LLP
One Atlantic Center
1201 W. Peachtree St., NW

Atlanta, GA 30309
(404) 572-6600 (telephone)
(404) 572-6999 (facsimile)
bard.brockman@bryancave.com

Attorney for Plaintiff Lenbro Holding Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| LENBRO HOLDING INC.<br><br>       Plaintiff,<br><br>v.<br><br>SIMON FALIC,<br><br>       Defendant. | CIVIL ACTION FILE<br>NO.: 1:11-CV-22799-KING |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing AMENDED COMPLAINT using the CM/ECF system, which automatically sent email notification of such filing to the following attorneys of record:

    Paul J. Schwiep, Esq.
    Gabriel Groisman, Esq.
    COFFEY BURLINGTON, P.L.
    2699 South Bayshore Drive, Penthouse
    Miami, Florida 33133

Respectfully submitted this 3rd day of November, 2011.

    /s/ W. Bard Brockman
    W. Bard Brockman
    Florida Bar No. 0868817
    BRYAN CAVE LLP
    One Atlantic Center
    1201 W. Peachtree St., NW
    Atlanta, GA 30309
    (404) 572-6600 (telephone)
    (404) 572-6999 (facsimile)
    bard.brockman@bryancave.com

    Attorney for Plaintiff Lenbro Holding Inc.