UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-22799-Civ-King

LENBRO HOLDING, INC.,

    Plaintiff,
vs.

SIMON FALIC,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT
WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW**

Defendant Simon Falic ("Defendant"), by and through his undersigned counsel, hereby moves this Honorable Court to dismiss the Amended Complaint with prejudice pursuant to Fed. Rule Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**Introduction**

Putting Lenbro Holding, Inc.'s ("Plaintiff") latest window-dressing aside, it is painfully obvious that the three-line handwritten document attached as Exhibit A to the Amended Complaint is not a fully-formed and enforceable $8 million personal guaranty as alleged. Because of the glaring omissions in the document, including the fact that it never identifies any supporting consideration and never even identifies the beneficiary of the purported guaranty, the document is not capable of enforcement in this Court.

The Amended Complaint represents Plaintiff's second attempt to enforce an illusory and vague purported $8 million guaranty from Defendant to an unknown individual or entity. On October 4, 2011, the Court dismissed the Plaintiff's original Complaint in a lengthy and detailed order explaining the shortcomings in the original complaint. (Dkt. # 13.) The Court graciously

provided Plaintiff thirty (30) days to amend. (*Id.*) While the Amended Complaint indeed creatively pleads around some of the flaws that infected the original complaint (allegations which are, incidentally, largely fabrications), the Amended Complaint does not – and cannot – plead around the fact that this breach of contract action is based on a writing that completely and utterly fails to satisfy the statute of frauds. Thus, although the Court granted Plaintiff ample time to address the issues, the Amended Complaint does not remedy the fundamental flaws identified in the Court's October 4, 2011 Order. Those deficiencies are fatal and Defendant respectfully requests that this Court dismiss Plaintiff's Amended Complaint with prejudice. Giving Plaintiff an opportunity to amend yet again would be futile because no allegations can overcome the fact that the document fails to allege essential terms that parol evidence cannot supply. *See Int'l Star Registry of Illinois v. Omnipoint Mktg., LLC*, 510 F. Supp. 2d 1015, 1024 (S.D. Fla. 2007) (The following bases may warrant a district court's denial of leave to amend: "'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] ***futility of amendment***.'") (quoting *Thomas v. Davie,* 847 F.2d 771, 774 (11th Cir.1988) (emphasis added)); *Rance v. Winn*, 287 Fed. Appx. 840, 841 (11th Cir. 2008) (holding that district courts need not permit amendment where it would be futile to do so).

### I.  Standard for Motion to Dismiss

In a complaint, the plaintiff must present a short and plain statement of the claim showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the allegations of the complaining party are accepted as true. *Grossman v. Nationsbank, NA.*, 225 F.3d 1228, 1231 (11th Cir. 2000); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Nevertheless, the Court may grant a motion to

2

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir.1993).

On a motion to dismiss, the court may consider both the allegations in the pleadings and all exhibits attached thereto. *Grossman v. Nationsbank,* 225 F.3d 1228, 1231 (11th Cir. 2000); Fed. R. Civ. P. 10(c) (any written instrument attached to a pleading shall be considered a part thereof for all purposes). When an allegation in a complaint "is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls" *Granite State Outdoor Adver., Inc. v. City of Fort Lauderdale*, 2005 WL 6103745, at *2 (S.D. Fla. March 31, 2005). Additionally, "where an exhibit contradicts an assertion made in the complaint and eliminates any possible claim for relief, dismissal is appropriate." *Id.* (citing *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97 (5th Cir. 1974)). Here, applying these well-established motion to dismiss standards, the Court should dismiss this action with prejudice because the "Agreement", attached as Exhibit A to the Amended Complaint is void for lack of indefiniteness and is therefore barred by the statute of frauds.

## II.     ARGUMENT

### A.     Court's October 4 Order Made Significant Findings, Which Have Not Been Remedied the Amended Complaint

This Court's October 4, 2011 Order Granting Defendant's Motion to Dismiss carefully analyzed the document attached to Plaintiff's complaint and Plaintiff's arguments that the document satisfies Florida's statute of frauds, and analyzed the allegations of the Complaint as well as the relevant case law, and identified two deficiencies in the Complaint. (Dkt. # 13, at 2-4.) First, the Court held that "the Complaint fails to plead how the purported guaranty contract

3

satisfies the statute of frauds." (*Id.* at 2.) The Court held that the "Contract, as translated by Plaintiff, lacks certain material terms." (*Id.*) Among the "material terms" the Court found were lacking were "any indication of consideration" to support the purported guaranty. (*Id.* at 3.) Noting that Plaintiff alleged that two "consulting contracts" executed "in connection with" the purported guaranty satisfies the consideration requirement, the Court explained that "Plaintiff's characterization of the execution of the guaranty contract as one 'in connection with' the consulting contracts" was insufficient to satisfy "the necessity of independent consideration." (*Id.* (citing *Gordon v. Corporate Ins. Serv., Inc.*, 374 So. 2d 603, 604 (Fla. DCA 1979).) This Court's citation to *Gordon* is particularly instructive as there the court held that consideration to support a guaranty may be found in "[1] credit [*i.e.*, a loan] given … [2] at the time of" the execution of the guaranty. 374 So. 2d at 604.

Second, the Court held that the Complaint failed to allege sufficient details to support Plaintiff's contention that a purported "partial payment" on the guaranty tolls the statute. (Dkt. 13, at 3.) In this regard, Defendant submits that the Amended Complaint provides allegations in support of the "partial payment" argument; however, the allegations are utterly baseless and Defendant reserves all rights to seek sanctions including under Fed. R. Civ. P. 11 in connection with these made up allegations.

B.     **Allegations of the Amended Complaint**

The Amended Complaint repeats the allegation that the purported guaranty was drawn "in connection with" the consulting agreements. (Am. Compl. ¶ 6.) The Amended Complaint stops short of alleging that the purported guaranty was a condition of the consulting agreements. Plaintiff alleges that the purported guaranty was "precursor" to the consulting agreements, (*id.* ¶ 13), suggesting no more than it was chronologically first in time.

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

Again, the consulting agreements, which provide (too late) the supposed consideration for the purported guaranty are silent as to any guaranty. The purported guaranty nowhere refers to the Plaintiff. It is on letterhead of "BSG," which refers to Beny Steinmetz Group. *See, e.g.,* http://www.bsg-investments.com, *last visited* Nov. 21, 2011. By contrast, the consulting contracts refer to Plaintiff, but not to BSG. The purported guaranty also refers to a "[p]ayment of $2M for shares (10% in DFA)," but there is nothing to suggest that Defendant has guaranteed anything about that payment (or anything else).

C. **The Purported Guaranty is Void Under Florida's Statute of Frauds**

Despite artful drafting, the Amended Complaint is still shackled by the writing upon which it is based. As detailed below, the document at issue still fails to satisfy the statute of frauds. Once again, the document fails to identify any consideration in support. Plaintiff's attempts to "connect," (Am. Compl. ¶ 7) the document to two consulting agreements executed eight days later are unavailing and insufficient. No court has ever held that a consulting agreement with a separate entity executed eight days after a guaranty may supply consideration for the purported guaranty. Plaintiff should not expect for this Court to plow new ground in Florida law in this regard.

Plaintiff contends that the document attached as Exhibit A to the Amended Complaint constitutes Defendant's promise to pay Plaintiff $2 million and unconditional guaranty of another $8 million in payments allegedly due to Plaintiff under two consulting agreements between Plaintiff and Christian Lacroix, S.N.C. and Urban Decay Cosmetics. (Am. Compl. ¶ 7.) But the contention is puzzling and does not square with the one paragraph Hebrew document attached. First, although Plaintiff contends that the document is a "guaranty" for the consulting contracts, Plaintiff elsewhere alleges that the $2 million payment obligation relates to a stock

5

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

sale. (*Id.*)  The allegations leave it hopelessly ambiguous as to whether the guaranty relates to some other obligation to pay for stock, or to the consulting agreements, as Plaintiff now contends.  This Court has already held that parol evidence is barred to supplement the writing, (dkt. # 13, at 2), and the document itself falls short.

As articulated in Defendant's first dismissal motion (dkt. # 8), the document on which Plaintiff relies – purportedly an unconditional guaranty – fails to include ***any*** of basic terms integral to a guaranty including regarding whether it is conditional or absolute, whether it is special or general, and what precisely is being guaranteed.[1]  The Amended Complaint does nothing to remedy these omissions.  As pointed out in Defendant's initial motion, the document does not even identify the person or entity in whose favor it purportedly runs. Without such basic, threshold terms, the purported guaranty fails Florida's statute of frauds, which requires more than a half-baked and incomplete agreement, particularly where a purported personal guaranty of $8 million is at stake.  Nothing Plaintiff adds to its allegations remedies these fatal gaps.  Again, this Court has already held that parol evidence is barred. (Dkt. # 13, at 2) (holding that "the statute of frauds bars any parol evidence on [these] issues).

Once again, a promise to pay the obligation of another, in order to satisfy the statute of frauds must be reduced to writing, and that writing must contain all essential terms. *First Guaranty Corp. v. Palmer Bank & Trust,* 405 So.2d 186, 188 (2d DCA 1981), *cited in In Re Matter of T & B General Contracting, Inc.*, 833 F.2d 1455 (11th Cir. 1987). The essential terms must be set forth in terms that are "clear, definite and certain." *De Vaux v. Westwood Baptist*

---

[1] Fundamentally, "a guaranty is a collateral promise to answer for the debt or obligation of another." *FDIC v. University Ancolte, Inc.*, 764 F.2d 804, 806 (11th Cir. 1985) (citing *Nicolaysen v. Flato*, 204 So.2d 547, 549 (Fla. 4th DCA 1967), *cert. denied*, 212 So.2d 867 (Fla.1968)); *Vilord v. Jenkins,* 226 So. 2d 245 (Fla. 2d DCA 1969) (explaining that a guaranty is an undertaking to answer for another's liability).

6

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

*Church,* 953 So. 2d 677, 680 (Fla. 1st DCA 2007) (quoting *Brown v. Dobry,* 311 So.2d 159 (Fla. 2d DCA 1975)). The essential terms must be identified in the writing itself without resort to parol evidence. *Socarras v. Claughton Hotels, Inc.,* 374 So.2d 1057, 1059 (Fla. 3d DCA 1979). In other words, where, as here, the plaintiff attempts to draw on evidence outside of the writing to supply an essential term, the claim fails for failure to comply with the statute of frauds. The Court held exactly this in its October 4 Order. (Dkt. # 14). Thus, because the document at issue here fails to recite any consideration in support, the document fails to satisfy the statute of frauds as consideration is an essential term of a guaranty.

Florida courts have found an exception to this rule where a guaranty is executed "contemporaneously" with lending documents that clearly demonstrate the consideration for the guaranty is in the credit extended. *See Gordon v. Corporate Ins. Serv., Inc.,* 374 So. 2d 603, 604 (Fla. DCA 1979), *cited in* Order, dkt. # 14, at 3; *see also In re Blackwell & Walker, P.A.*, 201 B.R. 581, 584 (S.D. Fla. 1996); *see also Gibbs v. Am. Nat'l Bank of Jacksonville,* 155 So. 2d 651, 655 (Fla. 1st DCA 1963). For example, in *Sun Bank of Riverside v. Taines,* 425 So. 2d 646 (Fla. 3rd DCA 1983), the Court explained that a "guaranty executed contemporaneously with the further extension of credit to the primary obligor," is supported.

Here, the alleged "unconditional guaranty" does not qualify for the exception for four reasons. First, it does not involve the extension of credit; no consideration was provided *to anyone*. The consulting contracts do not reflect any present consideration to anyone.

Second, the consulting contracts were not executed "contemporaneously" with the purported guaranty. Again, no court has ever held a consulting contract executed *eight days after* a guaranty can suffice as consideration for the guaranty.

7

Third, the document leaves entirely unclear whether Defendant is actually guarantying the debtors' obligation, or merely committing himself to ensure that the debtors assume the obligation in the first instance. Even taking Plaintiff's translation of the document as true, Defendant states only that he is "personally liable" (which is more accurately translated as "responsible") for "advisory fee[s] …to be paid" by others. (Am. Compl. ¶ 8.)  The language does not reflect an obligation to *answer* for the debtors' liability, but merely to ensure that the debtors agree to the obligation in the first instance. This occurred here as is evidenced by the consulting agreements attached to the Amended Complaint. (*See* Ex. C and D to Am. Compl.)

Finally, the document fails to identify the beneficiary of the supposed guaranty, specifically or generally. While Florida law makes a distinction between a general guaranty, which is addressed to all persons, and a special guaranty, which is limited to a particular entity or individual, *see Brunswick Corp. v. Creel*, 471 So. 2d 671 (Fla. 5th DCA 1985), here the document is neither: It does not state it is for the benefit of all persons, or any particular person or entity.  Plaintiff is never identified as a beneficiary of the guaranty in any form.  Interestingly, the document is on the letterhead of "BSG," which is the business name of Beny Steinmetz Group, an entity other than the Plaintiff Lenbro.

In conclusion, in examining Exhibit A to the Amended Complaint (and its translation in paragraph 8), without the assistance of any parol evidence, it is clear that essential terms are lacking, especially the supporting consideration, but including what precisely is being guaranteed, to whom, and in exchange for what.  The document does not reflect any consideration to pay the debt of another and Plaintiff's attempt to reach out to consulting contracts executed eight days later among separate entities is unsupported by any Florida case law.

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

**Conclusion**

WHEREFORE, Defendant, Simon Falic, respectfully requests that the Amended Complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted, as permitting amendment would be futile.

Respectfully submitted,

s/Gabriel Groisman
Paul J. Schwiep, Florida Bar No. 823244
pschwiep@coffeyburlington.com
Gabriel Groisman, Florida Bar No. 25644
ggroisman@coffeyburlington.com
COFFEY BURLINGTON, P.L.
*Counsel for Simon Falic*
2699 South Bayshore Drive, Penthouse
Miami, Florida  33133
Tel:  305-858-2900
Fax:  305-858-5261

9

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 21, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Mailing Information for Case 1:11-cv-22799-JLK.  Counsel of record currently identified on the Mailing Information list to receive e-mail notices for this case are served via Notices of Electronic Filing generated by CM/ECF.  Counsel of record who are not on the Mailing Information list to receive e-mail notices for this case have been served via U.S. Mail.

      s/Gabriel Groisman

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com