IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-CV-22799-KING

LENBRO HOLDING, INC.,

    Plaintiff,

v.

SIMON FALIC,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION
## TO DISMISS AMENDED COMPLAINT

**THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss Amended Complaint (DE #16), filed November 21, 2011. Therein, Defendant Simon Falic seeks a dismissal of Plaintiff Lenbro Holding, Inc's Amended Complaint (DE #14) for failure to state a claim upon which relief may be granted under Rule 12(b)(6). The court is fully briefed on the matter,[1] and upon careful consideration of the record and pleadings the Court finds it must dismiss the Amended Complaint with prejudice.

### I. Background

Plaintiff initially filed the above-styled action on August 3, 2011, claiming breach of a guaranty. (Compl., DE #1). On October 4, 2011, the Court dismissed the Complaint without prejudice, finding that the Complaint did not contain sufficient facts to demonstrate how the purported guaranty satisfies the statute of frauds. (DE #13). Specifically, the Court found that

---

[1] Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss Amended Complaint (DE #17) on December 8, 2011. Defendant filed a Reply (DE #18) on December 19, 2011.

1

additional facts would be necessary to substantiate Plaintiff's argument that an independent statement of consideration was unnecessary given the alleged contemporaneous execution of the guaranty and underlying contract. (DE #13). The Court also found that the Complaint did not contain sufficient facts to survive Defendant's statute of limitations challenge. (DE #13). The Court allotted Plaintiff thirty days to file an amended complaint.

On November 3, 2011, Plaintiff filed an Amended Complaint, alleging additional facts related to the execution of the guaranty. (DE #14). For instance, the Amended Complaint alleges that "[i]n direct response to Lenbro's demand ["that Simon Falic personally guaranty to pay the consulting fees provided for in those agreements"], and in connection with the pending execution of the Consulting Agreements, Simon Falic signed a personal guaranty." (Am. Compl. ¶¶ 6&7, DE #14). In addition, the Amended Complaint characterizes Defendant's execution of the purported guaranty as a "prerequisite to entering into the Consulting Agreements" and as "a necessary precursor to the signing of the Consulting Agreements." (Am. Compl. ¶¶ 9&13, DE #14). As alleged in the Amended Complaint, Defendant executed the purported guaranty on September 22, 2005, and Plaintiff and third-parties executed the underlying consulting contracts on September 30, 2005. (Am. Compl. ¶¶ 7&9, DE #14). Before the Court now is Defendant's Motion to Dismiss Amended Complaint (DE #16).

## II. Legal Standard

To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (characterizing allegations of parallel conduct in support of a claim for price fixing as falling short of plausible). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

When evaluating a complaint on a motion to dismiss, the Court must take all of the well-pled factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As a corollary, conclusory allegations, without supporting facts, are not entitled to this presumption of truth. *Iqbal*, 129 S. Ct. at 1951. If the Court identifies conclusory allegations that are not entitled to the presumption of truth, it must then consider whether the remaining allegations "plausibly suggest an entitlement to relief." *Id.* The Court must dismiss a complaint that does not present a plausible claim entitled to relief.

### III. Analysis

In instant the motion to dismiss, Defendant argues that the Amended Complaint does not cure the factual deficiencies identified in the Court's October 4, 2011 Order. Specifically, Defendant contends that the Amended Complaint still fails to plead facts in support of how the purported personal guaranty satisfies the statute of frauds absent independent consideration.[2] In response, the Plaintiff argues that the underlying consulting contracts, to which the Defendant is not a party, should be construed together with Defendant's personal guaranty to satisfy the statute of frauds on the basis that the personal guaranty, being allegedly "part and parcel of the very same transaction" is, therefore, supported by consideration. (DE #17, at 5). Upon careful consideration of the Amended Complaint and the arguments set forth in Defendant's Motion to Dismiss and Plaintiff's opposition thereto, the Court finds Plaintiff's characterization of the execution of the guaranty and underlying contracts as contemporaneous to be conclusory.

---

[2] Defendant also asserts the statute of frauds as a defense. As the statute of frauds issue is dispositive of the matter, the Court makes no findings with regard to the factual sufficiency of Plaintiff's argument regarding the tolling of the statute of limitations.

3

Accordingly, the Court finds it must dismiss the Amended Complaint because the guaranty fails to satisfy the statute of frauds.

In order to satisfy the statute of frauds, a guaranty must be reduced to writing, and that writing must contain all essential terms, including a statement of independent consideration. *In re T & B General Contracting, Inc.*, 833 F.2d 1455, 1459 (11th Cir. 1987). An exception to this general rule is when the underlying contract and the guaranty are executed contemporaneously so as to negate the requirement of independent consideration for the guaranty. *See, e.g., Gordon v. Corp. Ins. Serv., Inc.*, 374 So.2d 603, 604 (Fla. Dist. Ct. App. 1979) (holding that the consideration for the principal debt extends to the guaranty where the evidence indicates that the agreements were entered into contemporaneously).

Here, as alleged in the Amended Complaint, the purported guaranty was executed by Defendant *eight days prior* to the execution of the underlying consulting contracts. (Am. Compl. ¶¶ 7&9, DE #14). The Court finds, as a matter of law, that an eight-day gap in time does not qualify as contemporaneous to alleviate the necessity of independent consideration. In addition, absent any reference in the guaranty to the Parties' mindsets or perceptions of the guaranty as a "prerequisite" to the execution of the underlying contracts, the Court cannot consider Plaintiff's allegations of such as they constitute inadmissible parol evidence. (DE #13).

Upon careful consideration of the Amended Complaint and the Parties' arguments, the Court finds that the Amended Complaint simply does not allege the facts necessary to raise Plaintiff's theory of adequate consideration to a plausible level. Further, upon the Court's rulings that eight days cannot constitute contemporaneous execution and that it will not consider parol evidence to establish the Parties' intents, the Court finds that to permit Plaintiff another opportunity to amend its allegations would be futile.

Accordingly, upon a careful review of the record and being otherwise fully advised, it is hereby **ORDERED, ADJUDGED, and DECREED** as follows:

1. Defendant's Motion to Dismiss Amended Complaint (**DE #16**) be, and the same is hereby, **GRANTED**.

2. The Amended Complaint (DE #14) is **DISMISSED with prejudice**.

3. The Clerk shall **CLOSE** this case.

4. All pending motions are hereby **DENIED as moot**.

**DONE and ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 29th day of February, 2012.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:
*Counsel for Plaintiff*
**William Bard Brockman**
Bryan Cave, LLP
One Atlantic Center
1201 West Peachtree Street, NW
14th Floor
Atlanta, GA 30309
404-572-6600
Fax: 572-6999
Email: bard.brockman@bryancave.com

*Counsel for Defendant*
**Gabriel Groisman**
Coffey Burlington Wright Crockett et al
2699 S Bayshore Drive
Penthouse A
Miami, FL 33133
305-858-2900
Fax: 305-858-5261
Email: ggroisman@coffeyburlington.com

**Paul Joseph Schwiep**
Coffey Burlington
2699 S Bayshore Drive
Penthouse A
Miami, FL 33133
305-858-2900
Fax: 305-858-5261
Email: pschwiep@coffeyburlington.com