UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

FILED by MC D.C.
ELECTRONIC

FEB 22, 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 22, 2013

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 12-11789-DD
Case Style: Lenbro Holding Inc v. Simon Falic
District Court Docket No: 1:11-cv-22799-JLK

The enclosed judgment is hereby issued as the mandate of this court.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Tonya L. Richardson
Phone #: (404) 335-6176

Enclosure(s)

MDT-1 Letter Issuing Mandate

UNITED STATES COURT OF APPEALS
For the Eleventh Circuit

_____

No. 12-11789

_____

District Court Docket No.
1:11-cv-22799-JLK

LENBRO HOLDING INC,

        Plaintiff - Appellant,

versus

SIMON FALIC,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: January 16, 2013
For the Court: John Ley, Clerk of Court
By: Djuanna Clark

Issued as Mandate:
February 22, 2013

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11789
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-22799-JLK

LENBRO HOLDING INC.,

                                                                                              Plaintiff-Appellant,

versus

SIMON FALIC,

                                                                                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 16, 2013)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Lenbro Holding, Inc. (Lenbro) appeals the district court's dismissal of its Amended Complaint with prejudice for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Lenbro asserts the district court erred in: (1) finding as a matter of law that the Personal Guaranty and Consulting Agreements could not be read together to satisfy the statute of frauds because they were executed eight days apart, (2) refusing to consider allegations in the Amended Complaint as to the parties' intent on the basis such allegations were conclusory, and (3) refusing to consider allegations in the Amended Complaint as to the parties' intent on the basis those allegations constituted inadmissible parol evidence. After review,[1] we reverse and remand for further proceedings.

## I.   BACKGROUND

On September 30, 2005, Lenbro entered into Consulting Agreements with two corporations owned by Simon Falic (Falic) and his two brothers, Leon Falic and Jerome Falic. Both Consulting Agreements were signed by Leon Falic on behalf of the two corporations, Urban Decay Cosmetics, LLC (Urban Decay) and Christian Lacroix SNC (Lacroix), respectively. Under the Consulting Agreements, Lacroix and Urban Decay each agreed to pay $4,000,000.00 to Lenbro over several quarterly installments. Lenbro alleges that on September 22, 2005, eight days prior to the execution of the Consulting Agreements, Falic signed a Personal Guaranty in

---

[1] We review the dismissal of Lenbro's Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) *de novo*. *See Rosenberg v. Gould*, 554 F.3d 962, 965 (11th Cir. 2009).

2

which he personally assumed liability for the payment of the consulting fees to Lenbro under the terms of the two Consulting Agreements.

On November 3, 2011, Lenbro filed an Amended Complaint against Falic seeking $7,775,000.00 in damages for breach of contract under the Personal Guaranty. On March 1, 2012, the district court granted Falic's motion to dismiss with prejudice, finding the Personal Guaranty failed to satisfy the statute of frauds. Lenbro timely appeals the dismissal.

## II.  DISCUSSION

*A.  Whether the Personal Guaranty and Consulting Agreements could be read together*

Lenbro first contends the district court erred by finding the Personal Guaranty and Consulting Agreements could not be read together to establish consideration satisfying the statute of frauds because they were executed eight days apart. Lenbro argues the Personal Guaranty was executed in connection with the Consulting Agreements, thus alleviating the necessity of finding independent consideration.

In Florida, a guaranty executed independently of the principal contract must be supported by separate consideration. *Texaco, Inc. v. Giltak Corp.*, 492 So. 2d 812, 814 (Fla. 1st DCA 1986). Florida courts have carved out a limited exception to this rule where the principal and guaranty contracts are executed as part of the same transaction. *See id.*; *see also von Dunser v. Se. First Nat'l Bank of Miami*,

3

367 So. 2d 1094, 1095 (Fla. 3d DCA 1979).  However, Florida courts have limited this exception to apply only where the principal and guaranty contracts are, or should have been, executed at the same time.  *See Texaco*, 492 So. 2d at 814 (noting personal guaranty was executed "[a]t about the same time" as the primary contract); *Barnett Bank of S. Fla., N.A. v. University Gynecological Assocs., Inc.*, 638 So. 2d 595, 595 (Fla. 4th DCA 1994) (finding guaranty executed two months after original contract needed no additional consideration where guaranty was "a condition of the making of the original loan" and was supposed to have been executed "at the same time" as the original agreement); *Gordon v. Corporate Ins. Services, Inc.*, 374 So. 2d 603, 604 (Fla. 3rd DCA 1979) ("Where . . . the guaranty is entered into at the time of the creation of the principal obligation . . . the same consideration for the principal debt suffices for the contract of guaranty.").

The Consulting Agreements and the Personal Guaranty were not executed at the same time, as Lenbro admits the Personal Guaranty was signed eight days prior to the contract.  Moreover, Lenbro has not alleged the Personal Guaranty and Consulting Agreements were supposed to have been executed at the same time.  Therefore, the district court did not err in finding that, as a matter of law, the Personal Guaranty and Consulting Agreements could not be read together to establish consideration satisfying the statute of frauds because they were executed eight days apart.

4

*B. Whether the allegations in the Amended Complaint were conclusory*

Lenbro contends the district court erred in refusing to consider the allegations in the Amended Complaint as to the parties' state of mind on the basis that such allegations were "conclusory" and therefore not entitled to a presumption of truth. Following the Supreme Court's approach in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), the Eleventh Circuit has suggested that, when considering a motion to dismiss, courts: "(1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quotations omitted). Allegations entitled to no assumption of truth include "[l]egal conclusions without adequate factual support" or "[f]ormulaic recitations of the elements of a claim." *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011).

In its Amended Complaint, Lenbro alleged it "insisted that Simon Falic personally guarantee to pay the consulting fees provided for in those agreements and made clear that it would not enter into the Consulting Agreements without such a personal guarantee from Mr. Falic." This allegation as to the parties' intent is not a mere legal conclusion, nor is it a formulaic recitation of the elements of a claim. Instead, this allegation is factual, providing support for Lenbro's contention

5

that the Personal Guaranty and Consulting Agreements were inseparable parts of the same transaction. Therefore, the district court erred in determining these allegations were conclusory, and the allegations should be entitled to a presumption of truth for the purposes of a motion to dismiss.

*C. Whether parol evidence should be considered*

Lenbro argues the district court erred by refusing to consider parol evidence as to the parties' understandings of the Personal Guaranty as a prerequisite to the execution of the underlying contract. Under Florida law, parol evidence is admissible to prove the elements of an agreement where a writing fails to contain the elements of a complete contract. *Indus., Invs. & Agencies (Bahamas), Ltd. v. Panelfab Int'l Corp.*, 529 F.2d 1203, 1211 (5th Cir. 1976).[2] Specifically, "[p]arol[] evidence is . . . admissible to show the consideration for an agreement where none appears therein." *Id.*; *see also Ungerleider v. Gordon*, 214 F.3d 1279, 1284 (11th Cir. 2000).

The Personal Guaranty failed to contain the elements of a complete contract, as it lacked consideration and failed to identify the party to whom Falic was personally liable. Pursuant to Florida law, the district court was permitted to

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

determine whether the missing terms could be supplied by parol evidence. Thus, the district court erred in not considering such parol evidence.

Additionally, although the Personal Guaranty and the Consulting Agreement cannot be construed together to establish consideration, Lenbro has alleged sufficient facts that the Personal Guaranty was supported by independent consideration. Under Florida law, "[a] promise, no matter how slight, qualifies as consideration if the promisor agrees to do something that he or she is not already obligated to do." *Palm Lake Partners II, LLC v. C & C Powerline, Inc.*, 38 So. 3d 844, 851 n.10 (Fla. 1st DCA 2010) (quotations omitted). Mutually binding promises can provide consideration for one another and give rise to an enforceable contract. *See Bhim v. Rent-A-Center, Inc.*, 655 F. Supp. 2d 1307, 1312 (S.D. Fla. 2009) (applying Florida law); *Redington Grand, LLP v. Level 10 Props., LLC*, 22 So. 3d 604, 608 (Fla. 2d DCA 2009).

Lenbro alleged in its Amended Complaint that it would not enter into the Consulting Agreements without a personal guaranty from Falic. Because Falic, through the express terms of the Personal Guaranty, agreed to do something he was not already obligated to do, *i.e.* guaranty the subsequent Consulting Agreements, sufficient consideration has been shown as to Falic. Similarly, because Lenbro, through parol evidence, agreed to do something it was not already obligated to do, *i.e.* enter into the Consulting Agreement, sufficient consideration has been shown

as to Lenbro. These two mutually binding promises constitute a sufficient allegation of consideration for the Personal Guaranty.

### III. CONCLUSION

The district court did not err in concluding the Personal Guaranty and Consulting Agreements could not be read together to establish consideration. However, because Lenbro's Amended Complaint alleged sufficient facts that the Personal Guaranty was supported by independent consideration, we reverse the district court's grant of Falic's motion to dismiss for failure to state a claim, and remand for further proceedings.

**REVERSED and REMANDED.**