UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-22799-Civ-King

LENBRO HOLDING, INC.,

    Plaintiff,
vs.

SIMON FALIC,

    Defendant.
_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS**

This is Defendant Simon Falic's ("Falic" or "Defendant") reply to Plaintiff Lenbro Holding, Inc.'s ("Lenbro" or "Plaintiff") Response to Defendant's Motion to Compel and for Sanctions (DE 35).

### INTRODUCTION

Plaintiff has brought an $8 million dollar action in this district and it has an obligation to participate in discovery in this action under the rules of civil procedure. *See* Fed. R. Civ. P. 37(d). This obligation extends to Plaintiff's officers, directors and managing agents. *See* Fed. R. Civ. P. 30(b)(1). Plaintiff should not be excused from its obligations only because it is a shell British Virgin Islands Company, managed by a Swiss financial company and ultimately owned and controlled by a Swiss resident, Beny Steinmetz, through a foundation. (*See* Resp. at 2.) Moreover, Defendant and its Miami-based counsel should not be made to travel the world to depose Plaintiff's owner, managing agents, managers, officers and directors. Finally, Plaintiff's argument that it would be unduly burdened by having to travel here because of the flight time from Europe is specious and without legal support.

Importantly, Plaintiff does not provide *any evidence or argument* to dispute the statements made in the underlying Motion that Mr. Steinmetz is the "individual who ultimately makes the decisions for Lenbro." (Mtn. at 4.)  Instead, Plaintiff simply says that it informed the undersigned that "Mr. Steinmetz is not an officer, director or managing agent of Lenbro." (Resp. at 3.)  As set forth in the underlying Motion, however, the Court is not bound by Mr. Steinmetz's lack of a formal title with Plaintiff. (Mtn. at 4.)  Instead, the Court should "focus on whether the person had power regarding the matters at stake in the litigation." *Id.* (*citing Calixto v. Watson Bowman Acme Corp.*, 2008 WL 4487679 (S.D. Fla. 2008)).

Here, Plaintiff does not refute that Mr. Steinmetz is the key decision-maker behind Lenbro and the individual who drafted the purported guaranty at issue, met with Defendant, asked that Defendant sign the document, received and took possession of the document, and is the ultimate owner, controller, or both, of Lenbro.  Indeed, Plaintiff admits that Mr. Steinmetz is the ultimate beneficiary behind the foundation that ultimately owns Lenbro.  (Resp. at 2.)  Having initiated this litigation in Miami, Mr. Steinmetz – the key player in this case and ultimate power behind Plaintiff – should be compelled to appear in this district to provide testimony, as should the other corporate officers of Plaintiff identified by Plaintiff as having important knowledge related to the claims in this matter.

## II.  ARGUMENT

### A.  Plaintiff Has Provided No Evidence of Undue Burden

Plaintiff has utterly failed to provide this Court with *any* evidence of "good cause" as to why its owner, managing agent, officers, directors and employee should not be compelled to appear for deposition in this district.  No affidavits, declarations or evidence in any form have been provided to this Court to support Plaintiff's "burdensomeness" objection.  Rather in its

2

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

Response, Plaintiff's counsel argues, without evidentiary support, that its two managers, Ms. Merloni-Horemans and Mr. Cramer, its owner and managing agent, Beny Steinmetz, its in house counsel, Mr. Barnett, and its former executive (through Lenbro's operating company) Mr. Veenendaal - who constitute all of the witnesses listed by Plaintiff in this action as having knowledge relevant to Plaintiff's claims - should not be compelled to travel from Europe to this district for Rule 30(b)(1) depositions because the flights from Europe are long, (Resp. at 6), which would therefore "disrupt the professional and personal lives of all of the witnesses in question." (*Id*.) Instead, Plaintiff suggests that Defendant should take these depositions via video conference. *Id*.

The cases cited by Plaintiff in support of its undue burden position are of no consequence and, in fact, support Defendant's position. In *Trinos v. Quality Staffing Services Corp.*, 250 F.R.D. 696 (S.D. Fla. 2008), which is Plaintiff Lenbro's lead case, this Court ***denied*** a motion for protective order filed by twelve plaintiffs, denying their request that the Court permit the plaintiffs to appear for their deposition "by remote means" rather than travel to the district. *Id*. In *Trinos*, the plaintiffs' counsel argued that the plaintiffs "have no funds...and [have] no modes of transportation." *Id.* at 697. The Court nevertheless denied the plaintiffs' motion for various reasons, including that the plaintiffs did not provide "any affidavits or evidence to support their claims that the proposed depositions would constitute an undue burden." *Id*. This Court explained that "courts should only limit discovery based on ***evidence*** of the burden involved, not a mere recitation that the discovery request is unduly burdensome." *Id.* (emphasis original). Moreover, "with regard to the location of a deposition, defendants are generally 'entitled to depose a plaintiff in the forum where the plaintiff has chosen to sue.'" *Id*. Therefore, the Court in *Trinos* denied Plaintiff's motion for protective order.

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

Similarly, in *de Dalmady v. Price Waterhouse & Co.*, 62 F.R.D. 157, 159 (D. P.R. 1973), the Court denied a Venezuelan resident plaintiff's motion for protective order seeking to prevent his deposition from taking place in the district of Puerto Rico where he filed suit. There, the Court held that the plaintiff's failure to submit affidavits or a verified motion made it impossible for the Court to find any undue financial burden. The Court stated:

> In order for this Court to appropriately and responsibly use its conferred discretion on the matter, it must be placed in a position to adequately and carefully weigh all the relevant facts. This, plaintiff has failed to do. ***All his statements in favor of his motion are contained in the unverified motion his attorneys filed***. It is not sufficient that plaintiff's attorneys make naked assertions with respect to the financial and hardship conditions faced by him. Well prepared and complete affidavits on his part are necessary to corroborate and give substance to his attorneys' assertions.

*de Dalmady v. Price Waterhouse & Co.*, 62 F.R.D. 157, 159 (D. P.R. 1973) (emphasis added).

In *Abdullah v. Sheridan Square Press, Inc.*, 154 F.R.D. 591, 592 (S.D. N.Y 1994), the Court granted the plaintiff's request that his deposition be taken in London because the Court found that based on evidence that the plaintiff, who was a political refugee in the process of seeking asylum in England allegedly as a result of the defendant's defamatory statements, "would not be allowed to return to the United Kingdom to pursue his asylum application" if he travels to the United States for his deposition. *Id*. at 592. The Court found that this "special circumstance" constituted sufficient "undue burden" which outweighed any prejudice to the defendant and order the plaintiff's deposition to be taken in England. *Id*. These facts are completely distinct from those in the instant case, where Plaintiff is simply trying to avoid a flight from Europe.

In *R.S. ex rel. S. v. Ridgefield Bd. of Educ.*, the next case cited by Plaintiff Lenbro in its Response, the District Court of Connecticut required that the ***defendant,*** who resided in South

4

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

Carolina travel to Connecticut for his deposition despite his objection to the plaintiffs' requests. 2008 WL 1989774 at *1 (D. Conn. May 5, 2008).

Plaintiff argues in its Opposition that Defendant should take the deposition of each of its witnesses, its managing agent, directors and officers by video conference. This very issue was addressed by the Court in *R.S.*, which opted *against* video conference and required the deposition to take place in person in the district of the action, holding that "[a] telephone or video conference would relieve some of the inconvenience and ease some of the costs, ***but it could also hamper the Plaintiffs' attorney's ability to fully conduct the deposition***." *Id.* (emphasis added.) Defendant, who has been sued for nearly $8 million dollars by Plaintiff, should not be made to conduct discovery from behind a digital camera and a computer screen while the key witnesses of the case, including the person who wrote and received the central document at issue, the owner and managing agent of the Plaintiff, and the officers of the Plaintiff are sitting 5,000 miles away. Defendant and his counsel would clearly be hampered by such an approach, as the interaction between attorney and witness, and plaintiff and defense counsel, would be completely disjointed over video conference. Moreover, these depositions will likely require the use of many exhibits and possibly translators, which would further complicate the taking of these depositions by videoconference.

Furthermore, courts routinely require plaintiffs to travel from abroad to this country for their deposition, despite the time of travel, and other possible inconveniences it may cause. *See*, *U.S. v. One Parcel of Real Estate at 5860 N. Bay Rd., Miami Beach, Fla.*, 121 F.R.D. 439 (S.D. Fla. 1988) (compelling directors of counter-plaintiffs to travel from Colombia to this district for deposition); *Dubai Islamic Bank v. Citibank, N.A.*, 2002 WL 1159699, at *12-13 (S.D.N.Y 2002) (requiring seven of Plaintiff's employees who live and work in Dubai to appear for deposition in

5

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

New York notwithstanding arguments by Plaintiff that perceived dangers of traveling to New York after September 11th, traditional Muslim family obligations, health problems and difficulties obtaining travel visas would constitute substantial hardship.); *Clem v. Allied Van Lines Int'l Corp.*, 102 F.R.D. 938, 940 (S.D.N.Y 1984) (requiring Plaintiff who lived in Hong Kong to appear for deposition in New York, and rejecting Plaintiff's argument that the cost of travel to New York would be prohibitive.); *Slade v. Transatlantic Financing Corp.*, 21 F.R.D. 146, 147 (S.D.N.Y 1957) (requiring Plaintiff who lived in London, England to appear for deposition in New York, despite claims that Plaintiff was not financially able.); *Grotrian, Helfferich, Schulz, Th. Steinweg Nachf.*, 54 F.R.D. 280, 281-82 (S.D.N.Y. 1971) (requiring seventy-two year old Plaintiff, who lived in Germany to appear for deposition in New York.). This case is no different. Plaintiff and its officers, directors and managing agents should be required to travel to this district for their depositions under Rule 30(b)(1).

**B.     Identification of Rule 30(b)(6) Witnesses**

Plaintiff's argument that it should not be required to provide the name(s) of its corporate representatives for its Rule 30(b)(6) deposition until 5 days before the August 16, 2013 deposition because "Lenbro simply has not determined who will testify regarding each of the topics" (Resp. at 9) is clearly false, as the May 27, 2013 email from counsel for Plaintiff attached as an exhibit to Plaintiff's Opposition makes clear that a corporate representative has already been selected and Plaintiff's purpose of not disclosing the witness is purely tactical. (*See* Resp. ex. 2. ) Specifically, Mr. Brockman states in this email:

> Gabriel: Lenbro Holding has informed me that its corporate representative is no longer available for deposition in July.  The corporate representative is currently available for deposition on the following dates in August.  You have asked about the identify of the 30(b)(6) corporate representative.  I am not aware of any authority that requires Lenbro Holding to identify its representative prior to the deposition.

6

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

(*Id.*)  The Court should require Lenbro to identify its Rule 30(b)(6) corporate representative forthwith.

C.  **Sanctions are Appropriate**

The underlying Motion asks the Court to impose "sanctions under Rule 37 as the Court may deem just and appropriate."  Rule 37(d)(1)(A)(i) specifically permits for sanctions if "a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition."  Mr. Steinmetz, the owner and managing agent of Plaintiff was duly noticed for deposition under Rule 30(b)(1) and Mr. Steinmetz refused to appear for said deposition, as admitted by Plaintiff's counsel in its Opposition. Resp. at 2, 3.  Therefore, sanctions in an amount to be determined by the Court are appropriate under Rule 37.

## CONCLUSION

For the reasons discussed herein, and in the Motion to Compel and for Sanctions, Defendant respectfully requests that this Court enter and Order granting the Motion and imposing sanctions.

    Respectfully submitted,

    s/Gabriel Groisman
    Paul J. Schwiep, Florida Bar No. 823244
    pschwiep@coffeyburlington.com
    Gabriel Groisman, Florida Bar No. 25644
    ggroisman@coffeyburlington.com
    COFFEY BURLINGTON, P.L.
    *Counsel for Simon Falic*
    2699 South Bayshore Drive, Penthouse
    Miami, Florida  33133
    Tel:  305-858-2900
    Fax:  305-858-5261

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and on all counsel or party of record identified on the Service List below.

s/Gabriel Groisman

## SERVICE LIST

W. Bard Brockman, Esq.
Bryan Cave LLP
One Atlantic center
1201 West Peachtree Street, NW
Atlanta, Georgia 30309
Bard.brockman@bryancave.com

8

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com